The Chancellor.
The master is manifestly wrong in his report upon the mortgage to Jesse Richards. This mortgage bears date the 9th- of May, 1853, and, on the face of it, is given to secure a bond from the mortgagee, Westcott, to Jesse Richards, of the same date, and payable in six months, with interest. The complainants have filed their bill on a mortgage prior in date. A number of mortgage and judgment creditors of the mortgagor are *265 made defendants, and among the rest the executors of Jesse Richards, as claiming under the mortgage to their testator. The hill does not question the validity of the Richards mortgage, and makes no issue as to the amount due upon it. The executors answered the bill, and allege that there is due the whole amount of principal and interest. Joseph S. Joice is made a defendant, as a judgment creditor of the mortgagor, holding a judgment which boars date the 22d November, 1854, a date subsequent to that of the Richards mortgage, which, as before stated, bears date the 9th of May, 1853.
Joice answered the bill. He sets np and alleges that the Richards mortgage was given to secure and indemnify Jesse .Richards from any loss that might accrue to him, as endorser of a certain promissory note drawn by Westcott, the mortgagor, and endorsed hy Jesse Richards for Westcott’s accommodation. The answer further alleges, that the note was taken up at maturity, and thus the mortgage satisfied.
The evidence before the master was, that Westcott was indebted to Richards in the sum of $394 on book of account for goods sold and delivered. Rickards lent his note to Westcott for §606, which made the thousand dollars; and to secure the indebtedness of $394 and the note, the bond and mortgage were given. The note was paid by Westcott, and was retained by him until after Jesse Richards’ death. Between the time of the date of the note and the death of Richards, Westcott had become his debtor in the purchase of goods to an amount exceeding the $1000 and interest, after deducting the §606 note.
In September, 1854, before the date of Joice’s judgment, in a settlement between Westcott and the executors of Richards, the former delivered up the $606 note ; and upon a settlement of accounts, finding he was still indebted in an amount exceeding the amount of the bond and mortgage, it was agreed between them that the mortgage should remain as a security for the debt.
*266 The master reports the sum of $454.52 as due upon the bond and mortgage. He deducts the $606, the amount of the accommodation note, which was delivered up by 'Westcott to the executors of Richards.
The only ground upon which the master could have reached the conclusion he did is, that after the $606 note was paid, it was not in the power of the parties to the mortgage to keep it on foot to secure any other debt. But this cannot be so. The mortgage was executed as a collateral security to secure one debt; it might legally be kept in existence as security for the payment of another. There is no allegation that the transaction was not a bona Me one, or that it was entered into for the purpose of defeating the just claims of the parties to this suit or any one else. As between the parties, it was a valid and subsisting security.
As to the effect of this transaction upon a question of priority between this mortgage and other creditors of the mortgagor — whether it will take priority from its date, or from the date of the settlement of the accounts, when it was agreed it should be continued as a security for the balance found due on that settlement, that involves other considerations wholly independent of the question as to the validity of this mortgage between the parties to it.
The parties had a right, as far as they were concerned, to keep the mortgage on foot. There being no dispute between them as to the bonajides of it, and it being admitted that the debt which it is collateral to secure is justly due and owing, the master should have reported the whole amount due.
In correcting this error of the master, it may, perhaps, change the priorities, as he has reported them, between the defendants, as to the amount due upon the mortgage over the sum of $454.52. The whole matter will be loft open for the master.
There is one fact to which it may be proper I should refer. It is not mentioned by the master, but appears in the *267 evidence returned with his report. The mortgagor, who was examined as a witness, states that some time after the agreement between the executors and himself, one of them came to him and said, “ that he had supposed, or something to that amount, that there was likely to he exceptions tiled against his bond and mortgage; I think the whole amount of the hill amounted to fourteen hundred and some few dollars; I don’t recollect the exact amount, hut it was some few dollars over fourteen hundred dollars, and I gave him a judgment bond for the whole amount together.”
The judgment bond was not an extinguishment of the bond and mortgage. It was not given as a substitute for, but as additional and cumulative to the other security. Such was the intention of the parties; and the bond and mortgage were accordingly left in- the hands of the creditor. The master did not go upon the ground, in making Ills report, that the mortgage was extinguished, for he reported that there was due upon it the sum of 9454.52. Tie must have acted upon the ground I first suggested; and I think, in doing so, he was in error.